UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTINA C. FIGUEROA, ARLENE NUGENT, EARVIELEE C. POOLE, SARPAUL S. MEHAT and STEVEN L. PERRETT, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> NORRED & ASSOCIATES, INC., <br><br> Defendant. | § § § § § § § § § § § § § § § § | No. _____ <br><br> Jury Trial Demanded |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Plaintiffs Christina C. Figueroa, Arlene Nugent, Earvielee C. Poole, Sarpaul S. Mehat and Steven L. Perrett (collectively referred to as "Plaintiffs") bringing this collective action and lawsuit on behalf of themselves and all other similarly situated employees to recover unpaid overtime wages from Defendant Norred & Associates, Inc. (referred to as "Defendant" or "Norred"). In support thereof, they would respectfully show the Court as follows:

## I. Nature of Suit

1. Plaintiffs' claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers … ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and record keeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

3. Norred violated the FLSA by employing Plaintiffs and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

4. Norred violated the FLSA by failing to maintain accurate time and pay records for Plaintiffs and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5. Plaintiffs bring this collective action under 29 U.S.C. § 216(b) on behalf of themselves and all other similarly situated employees to recover unpaid overtime wages.

## II.  Jurisdiction & Venue

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (2) because Norred resides in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Houston Division of the Southern District of Texas.

## III.  Parties

8. Christina C. Figueroa is an individual who resides in Harris County, Texas and who was employed by Norred during the last three years.

9. Arlene Nugent is an individual who resides in Harris County, Texas and who was employed by Norred during the last three years.

10. Earvielee C. Poole is an individual who resides in Harris County, Texas and who was employed by Norred during the last three years.

11. Sarpaul S. Mehat is an individual who resides in Harris County, Texas and who was employed by Norred during the last three years.

12. Steven L. Perrett is an individual who resides in Harris County, Texas and who was employed by Norred during the last three years.

13. Norred & Associates, Inc. is a Georgia corporation that may be served with process by serving its registered agent:

> CT Corporation System
> 1999 Bryan Street, Suite 900
> Dallas, Texas 75201-3136.

Alternatively, if the registered agent of Norred & Associates, Inc. cannot with reasonable diligence be found at the company's registered office, Norred & Associates, Inc. may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

14. Whenever it is alleged that Norred & Associates, Inc. committed any act or omission, it is meant that the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Norred & Associates, Inc. or was done in the routine and normal course and scope of employment of the company's officers, directors, vice-principals, agents, servants or employees.

## IV. Facts

15. According to its website, Norred is "Atlanta's largest locally-owned and operated security firm."

16. During the last quarter of 2015, the City of Houston awarded Norred, the lowest of twelve bidders, a three-year contract for security services.

17. Under the terms of the contract, Norred was obligated to provide security services (including, personnel, management, supervision, transportation, equipment and incidentals) to the following City of Houston departments: (1) General Services, (2) Public Works & Engineering, (3) Parks & Recreation, (4) Municipal Courts, (5) Houston Airport System and (6) Houston Police Department Facilities.

18. The contract was valued at approximately $12.5 million per year (or $63.2 million for three years).

19. In December 2015, after the contract was executed, Norred hired security guards, including Plaintiffs, and assigned them to work at locations throughout the city.

20. Norred still employs some Plaintiffs.

21. Norred paid Plaintiffs on an hourly basis.

22. During Plaintiffs' employment with Norred, they regularly worked in excess of forty hours per week.

23. Norred knew or reasonably should have known that Plaintiffs worked in excess of forty hours per week.

24. Norred did not pay Plaintiffs overtime "at a rate not less than one and one-half times the regular rate at which [they were] employed." 29 U.S.C. § 207(a)(1)

25. Specifically, Norred refused to pay Plaintiffs for all hours worked and to count that time towards its statutory overtime obligations under 29 U.S.C. § 207 (i.e., the company required Plaintiffs to work "off-the-clock").

26. By way of example, Norred did not pay Plaintiffs for (or count towards its statutory overtime obligations) the following: (1) pre-shift meetings (which normally lasted at least thirty minutes) and (2) shift changes.

27. Norred knew or reasonably should have known that Plaintiffs were not exempt from the overtime provisions of the FLSA.

28. Norred failed to maintain accurate time and pay records for Plaintiffs and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

29. Norred knew or showed a reckless disregard for whether its pay practices violated the FLSA; in

30. Norred is liable to Plaintiffs for their unpaid overtime wages, liquidated damages and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

31. All security guards, associates and all other nonexempt employees employed by Norred are similarly situated to Plaintiffs because they (1) have similar job duties; (2) are not compensated for all of the hours that they work (e.g., pre-shift meetings, shift changes, etc.); (3) regularly work in excess of forty hours per week; (3) are not paid overtime for the hours they worked in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Norred pursuant to 29 U.S.C. § 216(b).

## V.  Count One—
### Failure To Pay Overtime
### in Violation of 29 U.S.C. § 207(a)

32. Plaintiffs adopt by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

33. During Plaintiffs' employment with Norred, they were nonexempt employees.

34. As a nonexempt employee, Norred was legally obligated to pay Plaintiffs "at a rate not less than one and one-half times the regular rate at which [they were] employed[]" for the hours that they worked over forty in a workweek.  29 U.S.C. § 207(a)(1).

35. Norred did not pay Plaintiffs overtime as required by 29 U.S.C. § 207(a)(1) for the hours they worked in excess of forty per week.

36. Instead, Norred refused to pay Plaintiffs for all hours worked and to count that time towards its statutory overtime obligations under 29 U.S.C. § 207 (i.e., they required Plaintiffs to work "off-the-clock").

37. As a result of these failures, Norred did not pay Plaintiffs overtime "at a rate not less than one and one-half times the regular rate at which [they were] employed." 29 U.S.C. § 207(a)(1).

38. If Norred classified Plaintiffs as exempt from the overtime requirements of the FLSA, they were misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

39. Norred knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, Norred willfully violated the overtime requirements of the FLSA.

## VI. Count Two—
### Failure To Maintain Accurate Records
### in Violation of 29 U.S.C. § 211(c)

40. Plaintiffs adopt by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

41. The FLSA requires employers to keep accurate records of hours worked by nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

42. In addition to the pay violations of the FLSA described above, Norred also failed to keep proper time records as required by the FLSA.

## VII. Count Three—
## Collective Action Allegations

43. Plaintiffs adopt by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

44. On information and belief, other employees have been victimized by Norred's violations of the FLSA identified above.

45. These employees are similarly situated to Plaintiffs because, during the relevant time period, they held similar positions, were compensated in a similar manner (i.e., required to work off-the-clock) and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

46. Norred's policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

47. Since, on information and belief, Plaintiffs' experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

48. All employees of Norred, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All security guards, associates and all other nonexempt employees employed by Norred at any location in the City of Houston, Texas during the last three years.

49. Norred is liable to Plaintiffs and the members of the putative class for the difference between what it actually paid them and what it was legally obligated to pay them.

50. Because Norred knew or showed a reckless disregard for whether its pay practices violated the FLSA, the Norred owes Plaintiffs and the members of the putative class their unpaid overtime wages for at least the last three years.

51. Norred is liable to Plaintiffs and the members of the putative class in an amount equal to their unpaid overtime wages as liquidated damages.

52. Norred is liable to Plaintiffs and the members of the putative class for their reasonable attorneys' fees and costs.

53. Plaintiffs have retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of them and all other putative class members.

## VIII. Jury Demand

54. Plaintiffs demands a trial by jury.

## IX. Prayer

55. Plaintiffs prays for the following relief:

   a. an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

   b. judgment awarding Plaintiffs and the members of the putative class all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

   c. prejudgment interest at the applicable rate;

   d. postjudgment interest at the applicable rate;

   e. incentive awards for any class representative(s);

   f. all such other and further relief to which Plaintiffs and the members of the putative class may show themselves to be justly entitled.

  Respectfully Submitted,

MOORE & ASSOCIATES

By: */s/ Melissa Moore*
Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Lyric Centre
440 Louisiana Street, Suite 675
Houston, Texas  77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFFS**

Of Counsel:

Bridget Davidson
State Bar No. 24096858
Federal Id. No. 3005005
Moore & Associates
440 Louisiana Street, Suite 675
Houston, Texas  77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739