# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **CHRISTINA C. FIGUEROA, ET AL.,** | § | |
| **Individually and on Behalf of** | § | |
| **All Others Similarly Situated,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **CIVIL ACTION NO. 4:18-cv-01261** |
| **v.** | § | |
| | § | |
| **NORRED & ASSOCIATES, INC.,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |
| _____ | § | |

## ANSWER AND DEFENSES OF DEFENDANT
## TO PLAINTIFFS' ORIGINAL COMPLAINT

Defendant Norred & Associates, Inc. (hereinafter "Defendant"), by and through its undersigned counsel, hereby answers Plaintiffs' Original Complaint ("Complaint") as follows:

## ANSWERS TO COMPLAINT ALLEGATIONS

The specific allegations of Plaintiff's Original Complaint are answered by correspondingly numbered paragraphs as follows:

The first unnumbered Paragraph of the Complaint contains a statement regarding the nature of Plaintiffs' claim, which requires neither admission nor denial

by Defendant.  To the extent said Paragraph alleges and/or implies that Defendant is liable to Plaintiffs, however, such allegations and/or implications are denied.

1.      Paragraph 1 of the Complaint contains a statement regarding the nature of Plaintiffs' claim, which requires neither admission nor denial by Defendant.  To the extent said Paragraph alleges and/or implies that Defendant is liable to Plaintiffs, however, such allegations and/or implications are denied.

2.      Paragraph 2 of the Complaint contains statements or conclusions of law which require neither admission nor denial by Defendant.  To the extent Paragraph 2 alleges that Defendant is liable to Plaintiffs in any way, those allegations are denied.

3.      Paragraph 3 of the Complaint contains statements or conclusions of law which require neither admission nor denial by Defendant. To the extent Paragraph 3 alleges that Defendant is liable to Plaintiffs in any way, those allegations are denied.

4.      Paragraph 4 of the Complaint contains statements or conclusions of law which require neither admission nor denial by Defendant.  To the extent Paragraph 4 alleges that Defendant is liable to Plaintiffs in any way, those allegations are denied.

5.      Paragraph 5 of the Complaint contains a statement regarding the nature of Plaintiffs' claim, which requires neither admission nor denial by Defendant.  To

the extent said Paragraph alleges and/or implies that Defendant is liable to Plaintiffs, however, such allegations and/or implications are denied.

6. Paragraph 6 of the Complaint contains statements or conclusions of law which require neither admission nor denial by Defendant. To the extent Paragraph 6 alleges that Defendant is liable to Plaintiffs in any way, those allegations are denied.

7. Paragraph 7 of the Complaint contains statements or conclusions of law which require neither admission nor denial by Defendant. To the extent Paragraph 7 alleges that Defendant is liable to Plaintiffs in any way, those allegations are denied.

8. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 8 concerning Plaintiff Figueroa's residency and therefore denies the same. Defendant admits the remaining allegations contained in Paragraph 8 of the Complaint.

9. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 9 concerning Plaintiff Nugent's residency and therefore denies the same. Defendant admits the remaining allegations contained in Paragraph 9 of the Complaint.

10. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 10 concerning Plaintiff Poole's

residency and therefore denies the same. Defendant admits the remaining allegations contained in Paragraph 10 of the Complaint.

11.     Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 11 concerning Plaintiff Mehat's residency and therefore denies the same. Defendant admits the remaining allegations contained in Paragraph 11 of the Complaint.

12.     Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 12 concerning Plaintiff Perrett's residency and therefore denies the same. Defendant admits the remaining allegations contained in Paragraph 12 of the Complaint.

13.     Defendant admits that it is a Georgia Corporation. The remaining allegations in Paragraph 13 of the Complaint contain statements or conclusions of law or procedure which require neither admission nor denial by Defendant. To the extent the remaining allegations in Paragraph 13 allege that Defendant is liable to Plaintiffs in any way, those allegations are denied.

14.     Paragraph 14 of the Complaint contains a statement regarding the nature of Plaintiffs' claim, and or statements or conclusions of law or procedure, which requires neither admission nor denial by Defendant. To the extent said

Paragraph alleges and/or implies that Defendant is liable to Plaintiffs, however, such allegations and/or implications are denied.

15.     Defendant admits the allegations contained in Paragraph 15 of the Complaint.

16.     Defendant admits the allegations contained in Paragraph 16 of the Complaint.

17.     Defendant admits the allegations contained in Paragraph 17 of the Complaint.

18.     Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19.     Defendant admits the allegations contained in Paragraph 19 of the Complaint.

20.     Defendant admits the allegations contained in Paragraph 20 of the Complaint.

21.     Defendant admits the allegations contained in Paragraph 21 of the Complaint.

22.     Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.     Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24.     The allegations contained in Paragraph 24 require a legal conclusion and, therefore, no response is necessary.  To the extent, however, said Paragraph alleges and/or implies that Defendant is liable to Plaintiffs in any way, or could be construed as requiring a response, said allegations and/or implications are denied.

25.     The allegations contained in Paragraph 25 require a legal conclusion and, therefore, no response is necessary.  To the extent, however, said Paragraph alleges and/or implies that Defendant is liable to Plaintiffs in any way, or could be construed as requiring a response, said allegations and/or implications are denied.

26.     The allegations contained in Paragraph 26 require a legal conclusion and, therefore, no response is necessary.  To the extent, however, said Paragraph alleges and/or implies that Defendant is liable to Plaintiffs in any way, or could be construed as requiring a response, said allegations and/or implications are denied.

27.     The allegations contained in Paragraph 27 require a legal conclusion and, therefore, no response is necessary.  To the extent, however, said Paragraph alleges and/or implies that Defendant is liable to Plaintiffs in any way, or could be construed as requiring a response, said allegations and/or implications are denied.

28.     The allegations contained in Paragraph 28 require a legal conclusion and, therefore, no response is necessary.  To the extent, however, said Paragraph alleges and/or implies that Defendant is liable to Plaintiffs in any way, or could be construed as requiring a response, said allegations and/or implications are denied.

29.     The allegations contained in Paragraph 29 require a legal conclusion and, therefore, no response is necessary.  To the extent, however, said Paragraph alleges and/or implies that Defendant is liable to Plaintiffs in any way, or could be construed as requiring a response, said allegations and/or implications are denied.

30.     The allegations contained in Paragraph 30 require a legal conclusion and, therefore, no response is necessary.  To the extent, however, said Paragraph alleges and/or implies that Defendant is liable to Plaintiffs in any way, or could be construed as requiring a response, said allegations and/or implications are denied.

31.     The allegations contained in Paragraph 31 require a legal conclusion and, therefore, no response is necessary.  To the extent, however, said Paragraph alleges and/or implies that Defendant is liable to Plaintiffs in any way, or could be construed as requiring a response, said allegations and/or implications are denied.

32.     Defendant incorporates all of its answers and defenses contained in this Answer as if fully set forth herein.

33.     The allegations contained in Paragraph 33 require a legal conclusion and, therefore, no response is necessary.  To the extent, however, said Paragraph alleges and/or implies that Defendant is liable to Plaintiffs in any way, or could be construed as requiring a response, said allegations and/or implications are denied.

34.     The allegations contained in Paragraph 34 require a legal conclusion and, therefore, no response is necessary.  To the extent, however, said Paragraph alleges and/or implies that Defendant is liable to Plaintiffs in any way, or could be construed as requiring a response, said allegations and/or implications are denied.

35.     The allegations contained in Paragraph 35 require a legal conclusion and, therefore, no response is necessary.  To the extent, however, said Paragraph alleges and/or implies that Defendant is liable to Plaintiffs in any way, or could be construed as requiring a response, said allegations and/or implications are denied.

36.     The allegations contained in Paragraph 36 require a legal conclusion and, therefore, no response is necessary.  To the extent, however, said Paragraph alleges and/or implies that Defendant is liable to Plaintiffs in any way, or could be construed as requiring a response, said allegations and/or implications are denied.

37.     The allegations contained in Paragraph 37 require a legal conclusion and, therefore, no response is necessary.  To the extent, however, said Paragraph

alleges and/or implies that Defendant is liable to Plaintiffs in any way, or could be construed as requiring a response, said allegations and/or implications are denied.

38. The allegations contained in Paragraph 38 require a legal conclusion and, therefore, no response is necessary. To the extent, however, said Paragraph alleges and/or implies that Defendant is liable to Plaintiffs in any way, or could be construed as requiring a response, said allegations and/or implications are denied.

39. The allegations contained in Paragraph 39 require a legal conclusion and, therefore, no response is necessary. To the extent, however, said Paragraph alleges and/or implies that Defendant is liable to Plaintiffs in any way, or could be construed as requiring a response, said allegations and/or implications are denied.

40. Defendant incorporates all of its answers and defenses contained in this Answer as if fully set forth herein.

41. The allegations contained in Paragraph 41 require a legal conclusion and, therefore, no response is necessary. To the extent, however, said Paragraph alleges and/or implies that Defendant is liable to Plaintiffs in any way, or could be construed as requiring a response, said allegations and/or implications are denied.

42. The allegations contained in Paragraph 42 require a legal conclusion and, therefore, no response is necessary. To the extent, however, said Paragraph

alleges and/or implies that Defendant is liable to Plaintiffs in any way, or could be construed as requiring a response, said allegations and/or implications are denied.

43.     Defendant incorporates all of its answers and defenses contained in this Answer as if fully set forth herein.

44.     Paragraph 44 of the Complaint contains a statement regarding the nature of Plaintiffs' claim and/or is a statement or conclusion of law that requires neither admission nor denial by Defendant.  To the extent, however, said Paragraph alleges and/or implies that Defendant is liable to Plaintiffs in any way, or could be construed as requiring a response, said allegations and/or implications are denied. Defendant further denies that collective action treatment is appropriate in this action and/or that Plaintiffs are similarly situated to each other, or to other employees of Defendant, the alleged class, or any other alleged putative class members.

45.     Paragraph 45 of the Complaint contains a statement regarding the nature of Plaintiffs' claim and/or is a statement or conclusion of law that requires neither admission nor denial by Defendant.  To the extent, however, said Paragraph alleges and/or implies that Defendant is liable to Plaintiffs in any way, or could be construed as requiring a response, said allegations and/or implications are denied. Defendant further denies that collective action treatment is appropriate in this action

and/or that Plaintiffs are similarly situated to each other, or to other employees of Defendant, the alleged class, or any other alleged putative class members.

46.     Paragraph 46 of the Complaint contains a statement regarding the nature of Plaintiffs' claim and/or is a statement or conclusion of law that requires neither admission nor denial by Defendant.  To the extent, however, said Paragraph alleges and/or implies that Defendant is liable to Plaintiffs in any way, or could be construed as requiring a response, said allegations and/or implications are denied. Defendant further denies that collective action treatment is appropriate in this action and/or that Plaintiffs are similarly to each other, or to other employees of Defendant, the alleged class, or any other alleged putative class members.

47.     Paragraph 47 of the Complaint contains a statement regarding the nature of Plaintiffs' claim and/or is a statement or conclusion of law that requires neither admission nor denial by Defendant.  To the extent, however, said Paragraph alleges and/or implies that Defendant is liable to Plaintiffs in any way, or could be construed as requiring a response, said allegations and/or implications are denied. Defendant further denies that collective action treatment is appropriate in this action and/or that Plaintiffs are similarly situated to each other, or to other employees of Defendant, the alleged class, or any other alleged putative class members.

48.     Paragraph 48 of the Complaint contains a statement regarding the nature of Plaintiffs' claim and/or is a statement or conclusion of law that requires neither admission nor denial by Defendant.  To the extent, however, said Paragraph alleges and/or implies that Defendant is liable to Plaintiffs in any way, or could be construed as requiring a response, said allegations and/or implications are denied. Defendant further denies that collective action treatment is appropriate in this action and/or that Plaintiffs are similarly situated to each other, or to other employees of Defendant, the alleged class, or any other alleged putative class members.

49.     Paragraph 49 of the Complaint contains a statement regarding the nature of Plaintiffs' claim and/or is a statement or conclusion of law that requires neither admission nor denial by Defendant.  To the extent, however, said Paragraph alleges and/or implies that Defendant is liable to Plaintiffs in any way, or could be construed as requiring a response, said allegations and/or implications are denied. Defendant further denies that collective action treatment is appropriate in this action and/or that Plaintiffs are similarly situated to each other, or to other employees of Defendant, the alleged class, or any other alleged putative class members.

50.     Paragraph 50 of the Complaint contains a statement regarding the nature of Plaintiffs' claim and/or is a statement or conclusion of law that requires

neither admission nor denial by Defendant. To the extent, however, said Paragraph alleges and/or implies that Defendant is liable to Plaintiffs in any way, or could be construed as requiring a response, said allegations and/or implications are denied. Defendant further denies that collective action treatment is appropriate in this action and/or that Plaintiffs are similarly situated to each other, or to other employees of Defendant, the alleged class, or any other alleged putative class members.

51.     Paragraph 51 of the Complaint contains a statement regarding the nature of Plaintiffs' claim and/or is a statement or conclusion of law that requires neither admission nor denial by Defendant. To the extent, however, said Paragraph alleges and/or implies that Defendant is liable to Plaintiffs in any way, or could be construed as requiring a response, said allegations and/or implications are denied. Defendant further denies that collective action treatment is appropriate in this action and/or that Plaintiffs are similarly situated to each other, or to other employees of Defendant, the alleged class, or any other alleged putative class members.

52.     Paragraph 52 of the Complaint contains a statement regarding the nature of Plaintiffs' claim and/or is a statement or conclusion of law that requires neither admission nor denial by Defendant. To the extent, however, said Paragraph alleges and/or implies that Defendant is liable to Plaintiffs in any way, or could be

construed as requiring a response, said allegations and/or implications are denied. Defendant further denies that collective action treatment is appropriate in this action and/or that Plaintiffs are similarly situated to each other, or to other employees of Defendant, the alleged class, or any other alleged putative class members.

53.     Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 53 and therefore denies the same.

54.     Paragraph 54 of the Complaint is a demand for a trial by jury that requires neither admission nor denial by Defendant.  However, Defendant denies that Plaintiffs are entitled to any relief whatsoever.

55.     Paragraph 55 contains a prayer for relief which requires neither admission nor denial, but to the extent Plaintiffs imply that Defendant is liable in any way to Plaintiffs, it is denied.  Defendant further denies that collective action treatment is appropriate in this action and/or that Plaintiffs are similarly to each other or to other employees of Defendant, the alleged class or any other alleged putative class members.

56.     Defendant denies all allegations of Plaintiffs' Complaint, express or implied, that are not specifically and expressly admitted above.

## ADDITIONAL DEFENSES

Defendant, having fully answered Plaintiffs' Complaint, sets forth the following Additional Defenses:

## FIRST DEFENSE

Plaintiffs' claims cannot be maintained or litigated as a collective action under the FLSA.

## SECOND DEFENSE

The Complaint fails to state a claim against Defendant upon which relief can be granted.

## THIRD DEFENSE

The Complaint, and each alleged claim contained therein, is barred in whole or in part by all applicable statutes of limitations, including without limitation 29 U.S.C. § 255.

## FOURTH DEFENSE

Plaintiffs are not similarly situated to other potential members of the alleged group they purport to represent, the existence of which is expressly denied, and Plaintiffs are therefore an inadequate representative of the alleged group of persons they purport to represent.

## FIFTH DEFENSE

Plaintiffs lack standing to raise some or all of the claims of the alleged group of persons that Plaintiffs purport to represent, the existence of which is expressly denied.

## SIXTH DEFENSE

Plaintiffs and/or members of the alleged group of persons that Plaintiffs purport to represent, the existence of which is expressly denied, are precluded from recovering any amounts from Defendant where Plaintiffs and/or members of the alleged group have been paid all sums legally due under the FLSA.

## SEVENTH DEFENSE

This action cannot be maintained as a collective action because the requirements for such an action cannot be met under the facts pleaded.

## EIGHTH DEFENSE

The Complaint should be dismissed as to any putative collective action member for whom the Southern District of Texas is an improper venue.

## NINTH DEFENSE

Any claim for minimum wage and/or overtime liability and liquidated damages is barred under the Portal-to Portal Act of 1947, as amended, 29 U.S.C. § 259, as Defendant was at all times acting in good faith in conformity with and reliance on written administrative regulations, orders, rulings and interpretations of the Administrator of the Wage and Hour Division of the U.S. Department of Labor.

## TENTH DEFENSE

Defendant asserts that it is not liable to Plaintiffs, or anyone alleged to be similarly situated, for overtime to the extent such individuals are and were exempt from the overtime requirements of the FLSA for all times relevant to this lawsuit pursuant to 29 U.S.C. §§ 207 and/or 213.

## ELEVENTH DEFENSE

Plaintiffs, and/or members of the group that Plaintiffs purport to represent, the existence of which is expressly denied, by reason of their conduct and actions, are estopped and/or have waived the right, if any, to assert their Complaint and each purported cause of action therein.

## TWELFTH DEFENSE

If Plaintiffs are able to establish that they were not paid for any hours worked, such activity was without the knowledge and contrary to the instructions of the Defendant. Plaintiffs, therefore, are equitably estopped from asserting a claim that was created, if at all, by their own misconduct.

## THIRTEENTH DEFENSE

The Complaint, and each purported claim contained therein, is barred by the doctrine of unclean hands.

## FOURTEENTH DEFENSE

Any claim for minimum wage and/or overtime liability and liquidated damages for a period in excess of two years prior to filing is barred by the statute of limitations contained in the Portal-to-Portal Act of 1947 as amended, 29 U.S.C. § 255, as any violations of the FLSA which may have occurred were not "willful" within the meaning of the statute.

## FIFTEENTH DEFENSE

Any claim for minimum wage and/or overtime liability and liquidated damages for a period in excess of three years prior to filing is barred by the statute

of limitations contained in the Portal-to-Portal Act of 1947, as amended, 29 U.S.C. § 255.

## SIXTEENTH DEFENSE

This action cannot be maintained as a collective action because the allegations, facts and defenses relating to Plaintiffs and the putative class, separately and individually, will not support a collective action.

## DEFENDANT'S RESERVATION OF RIGHTS

Defendant reserves the right to amend its Answer as Plaintiffs' claims are investigated in the course of this litigation. Further, Defendant reserves the right to assert additional affirmative defenses as Plaintiffs' claims are clarified in the course of this litigation.

WHEREFORE, having fully answered the allegations in Plaintiffs' Complaint, Defendant respectfully prays that:

1. The Court enter judgment in favor of Defendant and dismiss Plaintiffs' Complaint in its entirety and with prejudice;

2. The Court deny each and every prayer for relief identified in Plaintiffs' Complaint; and

3. The Court award Defendant its reasonable expenses and costs associated with defending this action, including attorneys' fees, along with any such other and further relief as the Court may deem proper.

Respectfully submitted:


*/s/ Ashlee Mann Ligarde*
Ashlee Mann Ligarde
TX Bar 24043212, Fed. ID 36485
Attorney-in-Charge
**CONSTANGY, BROOKS, SMITH
& PROPHETE, LLP**
8911 North Capital of Texas Highway
Building 3, Suite 3350
Austin, Texas 78759

Telephone:  (512) 382-8800
Facsimile:  (512) 382-8801

Attorneys for Norred & Associates, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I, Ashlee Mann Ligarde, hereby certify that a true and correct copy of the foregoing document was served on Plaintiff's counsel of record via the Court's Electronic Case Filing system and Certified Mail, Return Receipt Requested, on this 22nd day of May, 2018, as follows:

Melissa Moore, Esq.
Curt Hesse, Esq.
Lyric Centre
440 Louisiana Street, Suite 675
Houston, Texas  77002

Bridget Davidson, Esq.
Moore & Associates
440 Louisiana Street, Suite 675
Houston, Texas  77002

*/s/ Ashlee Mann Ligarde*
Ashlee Mann Ligarde