UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTINA C. FIGUEROA, ARLENE NUGENT, EARVIE LEE C. POOLE, SARPAUL S. MEHAT and STEVEN L. PERRETT, Individually and On Behalf of All Others Similarly Situated, | § § § § § § § § § § § § § § | No. 4:18-cv-01261 Jury Trial Demanded |
| Plaintiffs, | | |
| v. | | |
| NORRED & ASSOCIATES, INC., | | |
| Defendant. | | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiffs Christina C. Figueroa, Arlene Nugent, Earvie Lee C. Poole, Sarpaul S. Mehat and Steven L. Perrett (collectively referred to as "Plaintiffs") bringing this collective action and lawsuit on behalf of themselves and all other similarly situated employees to recover unpaid overtime wages from Defendant Norred & Associates, Inc. (referred to as "Defendant" or "Norred"). In support thereof, they would respectfully show the Court as follows:

## I. NATURE OF SUIT

1. Plaintiff's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers … ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and record keeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

3. Norred violated the FLSA by employing Plaintiffs and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

4. Norred violated the FLSA by failing to maintain accurate time and pay records for Plaintiffs and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5. Plaintiffs bring this collective action under 29 U.S.C. § 216(b) on behalf of themselves and all other similarly situated employees to recover unpaid overtime wages.

## II. Jurisdiction & Venue

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (2) because Defendant resides in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in the Houston Division of the Southern District of Texas.

## III. Parties

8. Christina C. Figueroa is an individual who resides in Harris County, Texas and who was employed by Norred during the last three years.

9. Arlene Nugent is an individual who resides in Harris County, Texas and who was employed by Norred during the last three years.

10. Earvie Lee C. Poole is an individual who resides in Harris County, Texas and who was employed by Norred during the last three years.

11. Sarpaul S. Mehat is an individual who resides in Harris County, Texas and who was employed by Norred during the last three years.

12. Steven L. Perrett is an individual who resides in Harris County, Texas and who was employed by Norred during the last three years.

13. Norred & Associates, Inc. is a Georgia corporation that may be served with process by serving its registered agent:

> CT Corporation System
> 1999 Bryan Street, Suite 900
> Dallas, Texas 75201-3136.

Alternatively, if the registered agent of Norred & Associates, Inc. cannot with reasonable diligence be found at the company's registered office, Norred & Associates, Inc. may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

14. Whenever it is alleged that Norred committed any act or omission, it is meant that the Norred's elected officials, officers, directors, vice-principals, agents, servants or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Norred or was done in the routine and normal course and scope of employment of Norred elected officials, officers, directors, vice-principals, agents, servants or employees.

## IV. FACTS

1. According to its website, Norred is "Atlanta's largest locally-owned and operated security firm."

2. During the last quarter of 2015, the City of Houston awarded Norred, the lowest of twelve bidders, a three-year contract for security services.

3. Under the terms of the contract, Norred was obligated to provide security services (including, personnel, management, supervision, transportation, equipment and incidentals) to the following City of Houston departments: (1) General Services, (2) Public Works & Engineering, (3) Parks & Recreation, (4) Municipal Courts, (5) Houston Airport System and (6) Houston Police Department Facilities.

4. The contract was valued at approximately $12.5 million per year (or $63.2 million for three years).

5. In December 2015, after the contract was executed, Norred hired security guards, including Plaintiffs, and assigned them to work at locations throughout the city.

6. Norred still employs some Plaintiffs.

7. Norred paid Plaintiffs on an hourly basis.

8. During Plaintiffs' employment with Norred, they regularly worked in excess of forty hours per week.

9. Norred knew or reasonably should have known that Plaintiffs worked in excess of forty hours per week.

10. Norred did not pay Plaintiffs overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

11. Instead, Norred refused to pay Plaintiffs for all hours worked and to count that time towards its statutory overtime obligations under 29 U.S.C. § 207 (i.e., they required Plaintiff to work "off-the-clock").

12. By way of example, Norred did not pay Plaintiffs for (or count towards its statutory overtime obligations) the following: (1) pre-shift meetings (which normally lasted at least thirty minutes) and (2) shift changes.

13. Norred knew or reasonably should have known that Plaintiffs were not exempt from the overtime provisions of the FLSA.

14. In addition, on or about August 25, 2017, Hurricane Harvey made landfall in Houston, Texas.

15. Norred employed Plaintiffs throughout Hurricane Harvey and during the weeks following Hurricane Harvey providing security around the City of Houston.

16. Norred required Plaintiffs to work tirelessly but failed to pay Plaintiffs for all hours worked throughout and immediately following Hurricane Harvey.

17. Norred knew or reasonably should have known that Plaintiffs worked in excess of forty hours per week throughout and immediately following Hurricane Harvey.

18. Norred did not pay Plaintiffs overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

19. Instead, Norred refused to pay Plaintiffs for all hours worked and to count that time towards its statutory overtime obligations under 29 U.S.C. § 207 throughout and immediately following Hurricane Harvey (i.e., they required Plaintiff to work "off-the-clock").

20. Norred failed to maintain accurate time and pay records for Plaintiffs and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

21. Norred knew or showed a reckless disregard for whether its pay practices violated the FLSA.

22. Norred is liable to Plaintiffs for their unpaid overtime wages, liquidated damages and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

23. All security guards, associates and all other nonexempt employees employed by Norred are similarly situated to Plaintiff because they (1) have similar job duties; (2) are and were required to report to work and attend the mandatory pre-shift

meetings, but were not compensated for their time; (3) were required to report to work throughout and immediately following Hurricane Harvey, but were not compensated for their time; (3) are and were not paid for all hours worked and/or overtime for the hours they worked in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Norred pursuant to 29 U.S.C. § 216(b).

## V. COUNT ONE—FAILURE TO PAY OVERTIME IN VIOLATION OF 29 U.S.C. § 207(A)

24. Plaintiffs adopt by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

25. During Plaintiffs' employment with Norred, he was a nonexempt employee.

26. As a nonexempt employee, Norred was legally obligated to pay Plaintiffs "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours that they worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

27. Norred did not pay Plaintiffs overtime as required by 29 U.S.C. § 207(a)(1) for the hours they worked in excess of forty per week.

28. Instead, Norred refused to pay Plaintiffs for all hours worked and to count that time towards its statutory overtime obligations under 29 U.S.C. § 207 (i.e., they required Plaintiffs to work "off-the-clock").

29. As a result of these failures, Norred did not pay Plaintiffs overtime "at a rate not less than one and one-half times the regular rate at which [they were] employed." 29 U.S.C. § 207(a)(1).

30. If Norred classified Plaintiffs as exempt from the overtime requirements of the FLSA, they were misclassified because no exemption excuses the Defendant's noncompliance with the overtime requirements of the FLSA.

31. Norred knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, Norred willfully violated the overtime requirements of the FLSA.

### VI. COUNT TWO—FAILURE TO MAINTAIN ACCURATE RECORDS IN VIOLATION OF 29 U.S.C. § 211(C)

32. Plaintiffs adopt by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

33. The FLSA requires employers to keep accurate records of hours worked by nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

34. In addition to the pay violations of the FLSA described above, Norred also failed to keep proper time records as required by the FLSA.

## VII.  COUNT THREE – FAILURE TO PAY WAGES

35.     Plaintiffs adopt by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

36.     Defendant's practice of failing to pay its nonexempt employees overtime compensation at one and one-half times their proper rate of pay in preparation for, during, and following Hurricane Harvey for all hours worked in excess of forty (40) is in direct violation of the FLSA.

37.     Defendant violate the FLSA as well as the Texas Labor Code by failing to pay Plaintiffs their full and proper compensation.

38.     Plaintiffs are entitled to payment for all hours worked at the appropriate rate of pay and for hours worked in excess of forty (40) in an amount that is one and one-half times their regular rate of pay.

39.     Plaintiffs are entitled to liquidated damages in an amount equal to their unpaid wages and overtime wages as a result of Defendant's failure to comply with the guidelines of the FLSA.

## VIII.  COUNT FOUR—COLLECTIVE ACTION ALLEGATIONS

40.     Plaintiffs adopt by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

41. On information and belief, other employees have been victimized by Norred's violations of the FLSA identified above.

42. These employees are similarly situated to Plaintiffs because, during the relevant time period, they held similar positions, were frequently required to work off-the-clock, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

43. Norred's policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

44. Since, on information and belief, Plaintiffs' experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

45. All employees of Norred, regardless of their rates of pay, who were not paid at a rate not less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All security guards, associates and all other nonexempt employees employed by Norred at any location in the City of Houston, Texas during the last three years.

46. Norred is liable to Plaintiffs and all other nonexempt employees for the difference between what it actually paid them and what it was legally obligated to pay them.

47. Because Norred knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the city owes Plaintiffs and all other nonexempt employees their unpaid overtime wages for at least the last three years.

48. Norred is liable to Plaintiffs and all other nonexempt employees in an amount equal to their unpaid overtime wages as liquidated damages.

49. Norred is liable to Plaintiffs and all other nonexempt employees for their reasonable attorneys' fees and costs.

50. Plaintiffs has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## IX. Jury Demand

51. Plaintiffs demands a trial by jury.

## X. Prayer

52. Plaintiffs pray for the following relief:

   a. An order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

b. Judgment awarding Plaintiffs and other peace officers all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

c. Prejudgment interest at the applicable rate;

d. Postjudgment interest at the applicable rate;

e. Incentive awards for any class representative(s);

f. All such other and further relief to which Plaintiffs and the other peace officers may show themselves to be justly entitled.

                                                               Respectfully Submitted,

                                                               MOORE & ASSOCIATES

                                                               By: /s/ Melissa Moore
                                                               Melissa Moore
                                                               State Bar No. 24013189
                                                               Federal Id. No. 25122
                                                               Curt Hesse
                                                               State Bar No. 24065414
                                                               Federal Id. No. 968465
                                                               Lyric Centre
                                                               440 Louisiana Street, Suite 675
                                                               Houston, Texas 77002
                                                               Telephone: (713) 222-6775
                                                               Facsimile: (713) 222-6739

                                                          **ATTORNEYS FOR PLAINTIFFS**

Of Counsel:

Bridget Davidson
State Bar No. 24096858
Federal Id. No. 3005005
MOORE & ASSOCIATES
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

## **CERTIFICATE OF SERVICE**

    Pursuant to Fed. R. Civ. P. 5, I certify that I have served this document on all other parties—which are listed below—on August 7, 2018, as follows:

Ashlee Mann Ligarde
Robert P. Floyd, III
CONSTANGY, BROOKS, SMITH
& PROPHETE, LLP
8911 North Capital of Texas Highway
Building 3, Suite 3350
Austin, Texas 78759
Attorneys for Norred & Associates

☐ mail
☐ personal delivery
☐ delivery to clerk's office
☐ electronic means
☒ CM/ECF system

/s/ Melissa Moore
Melissa Moore