United States District Court
Southern District of Texas
**ENTERED**
March 30, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTINA C. FIGUEROA, ET AL., | § | |
| Individually and on Behalf of | § | |
| All Others Similarly Situated, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | CIVIL ACTION NO. 4:18-cv-01261 |
| v. | § | |
| | § | |
| NORRED & ASSOCIATES, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER APPROVING SETTLEMENT AND DISMISSING ACTION WITH PREJUDICE

Before the Court is the Parties' Joint Motion to Approve Settlement and Dismiss Action With Prejudice. This Court has read the Motion and reviewed the Settlement Agreement and hereby finds as follows:

The Settlement Agreement resolves a *bona fide* dispute between the Parties regarding whether or not back wages are owed, whether Norred & Associates, Inc. ("Norred") is responsible for back wages under the Fair Labor Standards Act (FLSA), how many hours of off- the-clock work, if any, are compensable, and whether any liquidated damages are owed.

This Court further finds that the Settlement is fair and reasonable in light of the following:

- Because the Settlement was negotiated between counsel with the involvement of the magistrate as a mediator, there is no evidence of fraud or collusion in the Settlement.

- The nature of "off-the-clock" work claims requires individualized inquiries and determinations, increasing the complexity, expense and likely duration of litigation.

1

- The Parties, having litigated this case for several years and engaged in substantial discovery, were able to thoroughly assess the legal and factual merits of the claims and defenses to assist in their settlement discussions.

- Discovery revealed that liability and damages would require individualized determinations and that there were defenses available that could bar recovery to some, if not all, of the Opt-Ins claims. Therefore, the settlement amount of $100,000, recognizes the risks attendant to continued litigation.

- The settlement terms reflect a fair recovery in light of the amount of time each Opt-In and the named Plaintiffs allege that he or she worked for Norred. The settlement amount and attorneys' fees recognize the reasonable likelihood of recovery and adequately compensate counsel for their efforts in pursuing this matter.

- Finally, this Court agrees with the opinions of counsel that the Settlement is fair and reasonable.

For the foregoing reasons, this Court approves the Settlement Agreement and hereby orders that this case be dismissed, with prejudice.

**SIGNED** at Houston, Texas on this   30th   day of March, 2020.

Keith P. Ellison
United States District Judge